## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 18-CR-72-CJW-MAR |
| vs. | **ORDER** |
| DILLON BEENER & KORDELL JONES, | |
| Defendants. | |

---

This matter is before the Court on defendants' sentencing for the crimes of Attempted Robbery (Count 1) and the Use, Possession, and Brandishing of a Firearm in Furtherance of a Crime of Violence (Count 2). The government objects to the failure of the probation office to: (1) assess each defendant with a four-level enhancement under USSG §2B3.1(b)(2)(D) for possession of a dangerous weapon, and (2) find that each defendant is responsible to pay restitution to the family of a man killed during the attempted robbery. On June 17, 2019, the Court held a sentencing hearing and heard argument on these issues. For the reasons that follow, the Court finds that defendants should not be assessed with a four-level increase for possession of a dangerous weapon under USSG §2B3.1(b)(2)(D), and that the deceased does not qualify as a victim of the crimes of conviction. The government's objections are therefore **overruled**.

## I.    BACKGROUND

Chase Zerba, Tyler Clemens, and Cameron Klouda conspired to distribute marijuana to Dillon Beener. On February 1, 2017, Zerba arranged to meet defendant Dillon Beener to distribute marijuana to him. Zerba correctly suspected that defendant Beener may attempt to rob him. Clemens and Klouda were present at Zerba's home when they left to meet up with defendant Beener. Clemens saw a shotgun on a table in Zerba's home and asked if he should bring it along. Zerba agreed he should do so.

Clemens loaded the shotgun and brought it with him when he got into Klouda's van.

Meanwhile, defendant Beener had conspired with Dylan Plotz to rob Zerba of marijuana. Plotz was armed with a handgun. Defendant Beener and Plotz, along with defendant Kordell Jones and a minor then drove to meet with and rob Zerba. When they arrived at the meeting with Zerba, defendant Beener got out of his vehicle and, armed with Plotz's handgun, climbed into Klouda's van. A discussion about the drug deal took place, defendant Beener then claimed to have left some of the buy money in the other car, and left the van, rejoining Plotz and the others. Although defendant Beener and the others attempted to talk Plotz out of going through with the attempted robbery, Plotz insisted on going forward. Plotz took possession of the handgun. Plotz, together with defendants Beener and Jones, then approached the van. Jones was armed with a knife. Plotz raised the handgun and demanded the marijuana from defendant. Jones displayed his knife at the same time. Zerba refused and while shouting and demands on both sides took place, Zerba said something like "bring it, bring it" or "get the gun up." Clemens took possession of the shotgun and pulled the trigger, striking Plotz in the head and killing him.

## II.    GUIDELINE SECTION 2B3.1(b)(2)(D)

Guideline section 2B3.1 establishes the offense level for the crime of attempted robbery, in violation of Title 18, United States Code, Section 1951, and provides for a base offense level of 20. USSG §2B3.1(a). Section 2B3.1(b)(2)(D) provides that "if a dangerous weapon was brandished or possessed, increase by 4 levels." Here, the government urges that defendant Jones' possession of a knife is a dangerous weapon and the enhancement should apply. Defendants Beener and Jones were also convicted in Count 2 of possession of a firearm in furtherance of the attempted robbery. The offense level for that crime is addressed in Guideline section 2K2.4. Comment 4, addresses this issue, stating:

> If a sentence under this guideline is imposed in conjunction with a sentence for any underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct).

USSG §2K2.4, comment. (n.4).

The government urges that this commentary only applies to other firearms or explosives and not to knives, focusing on the first sentence of the commentary that refers to "explosive or firearm." The government cites to *United States v. White*, 222 F.3d 363, 373 (7th Cir. 2000), *United States v. Willett*, 90 F.3d 404, 408 (9th Cir. 1996), and *United States v. Kimmons*, 965 F.2d 1001, 1011 (11th Cir. 1992), in support of its position, although it acknowledges that this Court has ruled otherwise last year. *See United States v. Centeno*, 16-CR-2057 (N.D. Iowa). The government also cites *United States v. Triplett*, 104 F.3d 1074, 1081-82 (8th Cir. 1997), for dicta where, in remanding the case for resentencing, the Court of Appeals suggested the district court could enhance the defendant's sentence under a similar provision of §2B3.1(b)(2)).

Defendants argue that the commentary applies to any form of weapon, focusing on the second sentence that uses the words "explosive or weapon." Defendants point out that the United States Sentencing Commission amended the commentary to Section 2K2.4, effective November 1, 2000 (after the date of each of the cases cited by the government), to add the above-quoted language from Comment 4. Defendants argue that other courts have found that the purpose of the amendment was to change the outcome of cases like *Willett*, which the Commission identified as an example of the misinterpretation of the guidelines, citing *United States v. Foster*, 902 F.3d 654, 657-58 (7th Cir. 2018), and *United States v. Knobloch*, 131 F.3d 366, 372 (3d Cir. 1997).

Defendants also note that in *United States v. Aquino*, 242 F.3d 859, 864 (9th Cir. 2001), the Ninth Circuit Court of Appeals concluded that *Willett* is no longer good law in light of the amendment.

The Court agrees with defendants that the commentary to Section 2K2.4 reflects an intent that if a defendant is sentenced for a 924(c) offense, then that sentence is intended and sufficient to account for the use, possession, brandishing or discharge of weapons in connection with the underlying offense. This is so regardless of whether the additional weapons involved were firearms, explosives or some other type of weapon. It would be an illogical result for the Court to find that the four-level enhancement does not apply had Jones been armed with a firearm, but does apply when he is armed with a knife. This ruling is consistent with this Court's previous ruling in *Centeno*.

Accordingly, the Court **overrules** the government's objection to paragraph 21 in defendant Beener's Presentence Report and to paragraph 22 in defendant Jones' Presentence Report.

## III.    RESTITUTION

The government seeks restitution for funeral expenses relating to the death of Dylan Plotz. Federal courts have no inherent power to order restitution. *See United States v. Balentine*, 569 F.3d 801, 802 (8th Cir.2009) (citation omitted). Rather, federal courts can only order restitution when authorized by statute or when agreed to by the parties as part of a plea agreement. Generally, two statutes address restitution to crime victims.[1]

---

[1] There are other statutes, not applicable here, that also authorize courts to order restitution in certain circumstances. *See, e.g.*, 18 U.S.C. § 3563(b)(2) (the Probation Statute, grants courts broad discretion to order restitution as a condition of probation); 18 U.S.C. § 3583(d) (the Supervised Release Statute grants court discretion to order restitution as a condition of supervised release).

## A.    The Law of Restitution

In 1982, Congress enacted the Victim and Witness Protection Act of 1982, 18 U.S.C. § 3663 (VWPA), which authorizes district courts to, in their discretion, order restitution for victims of criminal conduct.   *See* 18 U.S.C. § 3663(a)(1)(A) (stating that a district court "may order" that a defendant make restitution to any victim of an offense or, if the victim is deceased, to the victim's estate).   The VWPA applies when a court sentences

> a defendant convicted of an offense under this title, section 401, 408(a), 409, 416, 420, or 422(a) of the Controlled Substances Act (21 U.S.C. 841, 848(a), 849, 856, 861, 863) (but in no case shall a participant in an offense under such sections be considered a victim of such offense under this section), or section 5124, 46312, 46502, or 46504 of title 49, other than an offense described in section 3663A(c)….

18 U.S.C. § 3663(a)(1)(A).   The VWPA requires that a court consider the defendant's economic circumstances before ordering restitution.   *See* 18 U.S.C. § 3663(a)(1)(B).

In 1996, Congress enacted the Mandatory Victims Restitution Act (MVRA), which made restitution mandatory in certain cases, including crimes of violence and theft crimes with identifiable victims who suffered a physical injury or pecuniary loss.   18 U.S.C. § 3663A(c)(1)).   The MVRA applies

> (c)(1) … in all sentencing proceedings for convictions of, or plea agreements relating to charges for, any offense—
>> (A) that is—
>>> (i) a crime of violence, as defined in section 16;
>>> (ii) an offense against property under this title, or under section 416(a) of the Controlled Substances Act (21 U.S.C. 856(a)), including any offense committed by fraud or deceit; or
>>> (iii) an offense described in section 1365 (relating to tampering with consumer products); and
>> (B) in which an identifiable victim or victims has suffered a physical injury or pecuniary loss.
> (2) In the case of a plea agreement that does not result in a conviction for

5

> an offense described in paragraph (1), this section shall apply only if the plea specifically states that an offense listed under such paragraph gave rise to the plea agreement.

18 U.S.C. § 3663A(c)(1). Unlike the VWPA, the MVRA does not permit a court to consider a defendant's economic circumstances when it imposes restitution. *See United States v. Ruff*, 420 F.3d 772, 774 (8th Cir. 2005) ("In ordering restitution pursuant to the MVRA, a district court must order restitution in full without considering the defendant's economic circumstances.").

Other than the MVRA's mandatory requirement of restitution and the MVRA's requirement that a court not consider a defendant's economic circumstances, the "'provisions of the VWPA and MVRA are nearly identical in authorizing an award of restitution.'" *United States v. Serawop*, 505 F.3d 1112, 1118 (10th Cir. 2007) (quoting *United States v. Randle*, 324 F.3d 550, 555-56 & nn.2-3 (7th Cir. 2003)). The term "victim," under both statutes means

> a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered . . .. In the case of a victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by the court, may assume the victim's rights under this section, but in no event shall the defendant be named as such representative or guardian.

18 U.S.C. § 3663(a)(2); 18 U.S.C. § 3663A(a)(2). Accordingly, both statutes have a proximate cause requirement in ascertaining which persons can recover restitution for a loss caused by the defendant's offense of conviction. *See* 18 U.S.C. § 3663A(a)(2); 18 U.S.C. § 3663(a)(2). Both statutes also state that, where an offense "resulting in bodily injury also results in the death of a victim," a court may order a defendant to "pay an amount equal to the cost of necessary funeral and related services." 18 U.S.C. § 3663(b)(3); 18 U.S.C. § 3663A(b)(3).

Under both statutes, any dispute "as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence" and the "burden of demonstrating the amount of loss shall be on the attorney for the Government." 18 U.S.C. § 3664(e). The burden of demonstrating the defendant's financial resources and the financial needs of the defendant's dependents is on the defendant. *See* 18 U.S.C. § 3664(e) ("The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant's dependents, shall be on the defendant."). "The burden of demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires." 18 U.S.C. § 3664(e).

### B.   *Whether Plotz is a Victim Under the VWPA or the MVRA*

As noted, the VWPA provides that the Court may, in its discretion, order restitution when a defendant is convicted of certain offenses enumerated in the statute, including drug trafficking offenses. Neither attempted robbery in violation of Title 18, United States Code, Section 1951, as charged in Count 1 of the Indictment, nor possessing, using or brandishing a firearm in furtherance of an attempted robbery in violation of Title 18, United States Code, Section 924(c), as charged in Count 2 of the Indictment, are included among the enumerated predicate offenses. Thus, Plotz is not a victim under the VWPA.

The government relies instead on the Mandatory Victim Restitution Act (MVRA) of 1996 which, as noted, defines a victim as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. § 3663A(a)(2). The government does not identify the "offense for which restitution may be ordered" upon which it is relying. The crimes for which restitution may be ordered under the MVRA are enumerated in Section (c)(1). They include "crimes of violence" as defined in Title 18, United States Code, Section 16, offenses against property (including offenses committed by fraud), tampering with consumer

products, and theft of medical products.

Title 18, United States Code, Section 16 defines a crime of violence as

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. In *Session v. Dimaya*, 138 S. Ct. 1204 (2018), the Supreme Court of the United States declared Section 16(b) unconstitutionally vague. Thus, if either count of conviction is to qualify as a crime of violence, it must have as an element the use, attempted use, or threatened use of physical force against another.

Defendants were convicted in Count 1 of attempted robbery, in violation of Title 18 United States Code, Section 1951. Here, the elements of attempted robbery under Title 18, United States Code, Section 1951 are:

*One*, the defendant knowingly attempted to rob Chase Zerba;
*Two*, the attempted robbery involved the property of marijuana;
*Three*, marijuana was in the custody of Chase Zerba; and
*Four*, the defendant's actions affected commerce in some way or degree.

Eighth Circuit Jury Instructions No. 6.18.1951A. "'Robbery' means the unlawful taking or obtaining of personal property from the person or in the presence of another, against the person's will." (*Id.*). Thus, attempted robbery in this case qualifies as a crime of violence under the MVRA.

The elements of brandishing a firearm in furtherance of an attempted robbery, as charged in Count 2 of the indictment, are: (1) the defendant committed the crime of attempted robbery; and (2) the defendant possessed, used, carried, or brandished a firearm in furtherance of that crime. Eighth Circuit Jury Instructions No. 6.18.924C. Whether a defendant brandished a firearm is not an element of Section 924(c), but, rather, a sentencing factor. *United States v. Carlson*, 217 F.3d 986, 988-89 (8th Cir. 2000).

Thus, the crime of brandishing a firearm in furtherance of a drug trafficking offense does not have as an element the use, attempted use, or threatened use of force against another. Brandishing a firearm in furtherance of the crime of attempted robbery, therefore, does not qualify as a crime of violence under the MVRA.

In short, restitution is available to the family of Dylan Plotz under the MVRA under Count 1, but not under Count 2, of the Indictment. Moreover, the parties may, through a plea agreement, stipulate that restitution may be ordered. *See* 18 U.S.C. § 3663(a)(3) ("The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement."). Here, in paragraph 31 of their plea agreements, each defendant agreed he "will be required to pay full restitution to all victims of the offense(s) including relevant conduct victims." (Beener, Doc. 27, at 14, ¶ 31; Jones, Doc. 27, at 14, ¶ 31). Because each defendant has agreed to pay restitution in his plea agreement, and the plea agreement does not limit restitution to that which would be authorized by either the VWPA or the MVRA, the Court is not constrained in ordering restitution by the language of either statute. Rather, the scope of defendant's restitution obligation is governed instead by the language of the plea agreement defendant entered into with the United States. Thus, regardless of whether Plotz would qualify as a victim under the MVRA, the Court has the legal authority to order restitution because the defendants agreed in their plea agreements to do so.

The Court's analysis does not, however, end there. Even if the Court has the authority to order restitution, it can do so only if Plotz falls within the scope of the authorization. Before the Court can order restitution under the MVRA, it must determine if Plotz was directly and proximately harmed as a result of the attempted robbery. Before the Court can order restitution under the terms of the plea agreement, the Court must determine if Plotz is a relevant conduct victim.

### C. Whether Plotz Was Directly and Proximately Harmed as a Result of the Attempted Robbery or is a Relevant Conduct Victim

Although restitution is possible under the MVRA for Count 1, the next question is whether Plotz was a person directly and proximately harmed as a result of the attempted robbery. 18 U.S.C. § 3663A(a)(2). Here, the victims of the crime of conviction, attempted robbery, were Zerba, Clemens and Klouda, not Plotz. Indeed, Plotz was a perpetrator of the attempted robbery and the primary planner and participant. Although Plotz was the victim of criminal conduct committed by the targets of the attempted robbery, he was not a victim of the attempted robbery itself. The government relies on a "but-for" analysis; that is, but for the attempted robbery, then the robbery victims would not have shot Plotz. (Doc. 54-1, at 4). The government cites no case in which a court has ever found that the perpetrator of an attempted robbery has been found to be the victim of the attempted robbery when the perpetrator was in turn shot by his intended victims. Nor could the Court find any. The Court cannot agree that the but-for causation reasoning is sufficient to conclude that Plotz was directly and proximately harmed as a result of the offense of conviction—attempted robbery. *See Hughey v. United States*, 495 U.S. 411, 413 (1990) ("We hold that the language and structure of the [VWPA] make plain Congress' intent to authorize an award of restitution only for the loss caused by the specific conduct that is the basis of the offense of conviction.").[2] Thus, the Court concludes that restitution is not available under the MVRA.

As noted, each defendant pled guilty pursuant to a plea agreement in which they agreed "to pay full restitution to all victims of the offenses including relevant conduct victims." (Beener, Doc. 27, at 13, ¶ 31; Jones, Doc. 18, at 14, ¶ 31). Although not defined in the plea agreement, "relevant conduct victims" is a term of art used in the

---

[2] The Court recognizes that *Hughey* involved the VWPA and the government is arguing that Plotz is a victim under the MVRA, but as previously noted the relevant causation language is identical in both statutes.

United States Sentencing Guidelines. Relevant conduct is defined in the United States Sentencing Guidelines as "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." USSG §1B1.3(a)(1). Here, neither defendant Beener nor defendant Jones aided, abetted, counseled, commanded, induced, procured or willfully caused Clemens to shoot Plotz during the attempted robbery. Thus, the defendants did not, in their plea agreement, expand the scope of conduct for which they were responsible to pay restitution to include Clemens' act in shooting Plotz. The Court therefore concludes that restitution is not available under the terms of the parties' plea agreements, either.

Accordingly, the Court **overrules** the government's objection to failure of the presentence report to identify Plotz as a victim of the instant offense and entitling his next-of-kin to restitution.

## IV.  CONCLUSION

For the reasons stated, the Court **overrules** the government's objections to paragraph 21 in defendant Beener's Presentence Report and to paragraph 22 in defendant Jones' Presentence Report, and **overrules** the government's objection regarding the failure of the presentence report to identify Plotz as a victim of the instant offenses and entitling his next-of-kin to restitution.

**IT IS SO ORDERED** this 17th day of June, 2019.

_____
C.J. Williams
United States District Judge
Northern District of Iowa

11